IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. **12-CR-30171-WDS-11** |
| ) | |
| **TOBIAS SUMRALL**, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

On March 27, 2013, Defendant Tobias Sumrall pleaded guilty to conspiring to commit theft from interstate shipments, and to possession of stolen property (Docs. 169 and 192). Defendant has been released on bond while he awaits sentencing in July before U.S. District Judge William D. Stiehl (Docs. 89, 90 and167) . Before the Court is the Government's motion to revoke Sumrall's bond after Defendant's urine tested positive for cocaine on April 9, 2013 (Doc. 188). A hearing was held on May 2, 2013, during which argument and evidence was received; Defendant was present, represented by counsel.

As a condition of release on bond, Defendant must refrain from the use or unlawful possession of narcotic drugs or other controlled substances (Doc. 89, Additional Condition (i)). The positive drug test was not contested, per se; rather, Defendant Sumrall contends that he had sex with someone who had used cocaine, causing him to absorb the drug and test positive. The toxicology report reflects that this is a possible explanation for the positive test result.

The Government stresses that it is the positive test that violates Defendant's conditions of release, not how or why he tested positive. Furthermore, the Government notes that this is

1

actually Plaintiff's second positive drug test; Defendant entered drug treatment after the first positive test.   From the Government's perspective, because Defendant has previously spent time in prison, two positive drug tests illustrates that Defendant is unlikely to abide by any condition or combination of conditions of release and his bond, therefore, should be revoked pursuant to 18 U.S.C. § 3148(b)(2)(B).

Although the Court does not necessarily believe Defendant's explanation for testing positive for cocaine, the Court has no basis to dismiss the toxicology report and the possibility that Defendant did absorb the cocaine, rather than use it himself.

**IT IS THEREFORE ORDERED** that the Government's motion to revoke Defendant Sumrall's bond (Doc. 188) is **DENIED**.   Defendant Sumrall's conditions or release and his bond shall remain in effect.

**IT IS SO ORDERED.**

**DATED: May 2, 2013**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**